UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

WILLIE J. HARRIS,

        Plaintiff,

v.

UNKNOWN STEVENSON et al.,

        Defendants.
_____/

Case No. 1:19-cv-40

Honorable Gordon J. Quist

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Unknown Parties.

## **Discussion**

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events

about which he complains, however, occurred at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. Plaintiff sues the following DRF officials: Prisoner Counselor (unknown) Stevenson; Resident Unit Manager (unknown) Anderson; Correctional Officers (unknown) Crater and (unknown) Copeland; Lieutenant (unknown) Walter; and the unknown Warden and Deputy Wardens (Unknown Parties).

Plaintiff alleges that, on December 3, 2018, he sent a kite to Defendant Stevenson, asking to be moved, because his cellmate had been fighting with him and had attacked him from behind, resulting in scars to Plaintiff's back. On December 7, Plaintiff raised the issue with his mental health case worker, who spoke with Defendant Stevenson. On December 10, 2018, Defendant Stevenson called Plaintiff to his office to discuss the attack. Plaintiff asked to be placed in another cell because he was afraid for his life. Stevenson, however, told Plaintiff to fight back and his cellmate would leave him alone.

Plaintiff fought back, but it only made things worse. Plaintiff sent a kite to the unknown warden and deputy warden, asking to be moved because of the fighting. No action was taken in response to the kite. Plaintiff alleges that he continued to suffer assaults by his cellmate until December 14, 2018, when he again saw his mental health case worker and complained again about the situation. When he returned from his mental health appointment, Plaintiff was called to see Defendant Stevenson. Stevenson reported that he had talked to Plaintiff's cellmate, who acknowledged the fighting, but refused to move out of the cell, because he was there first. Plaintiff showed Stevenson his new scars from the assaults. Stevenson told Plaintiff, "RUM Anderson and me think that you just need to man up and stop being a pussy and do your time, I'm not going to move you anywhere." (Compl., ECF No. 1, PageID.4.) Plaintiff began to argue with Defendant

2

Stevenson, eventually saying that Stevenson was biased and unfair, just like President Trump and Judge Maloney. Stevenson became very angry and called out that Plaintiff be taken to segregation.

In segregation, Plaintiff asked what he was being charged with. The sergeant responded that the charge obviously was "threatening behavior." (*Id.*) Plaintiff was asked to strip, but he refused, although he turned over a 5-inch knife that he had been keeping for self-protection. Plaintiff was then placed in an unheated cell for three days. Defendants Crater, Copeland, and Anderson repeatedly denied his requests to be moved to a heated cell, saying that Plaintiff should remember his treatment the next time he threatened Defendant Stevenson.

In response to the harsh conditions, Plaintiff unsuccessfully attempted suicide by hanging himself from the ceiling ventilation system. Plaintiff felt despair and depression because, despite following instructions to report improper conditions, he was being deliberately ignored or treated worse.

Plaintiff met with the Security Classification Committee (SCC) on December 19, 2018. He asked Defendants Anderson and the unknown warden and deputy wardens (Unknown Parties) why his cry for help had been ignored. Defendant Unknown Parties told him that he was not a priority and that perhaps he would have better luck in his Level-V placement, where the SCC was sending him.

Rather than sending him to Level V, however, Plaintiff was placed in observation for several days, because of his suicide attempt. Once there, Defendants Walter, Crater, Anderson, and Copeland took away Plaintiff's suicide blanket, as punishment for attempting suicide. Plaintiff became so cold that he wrapped himself in the mattress cover. When Sergeant Fidler saw Plaintiff wrapped in the mattress cover, he asked Plaintiff why he had done that. Plaintiff explained that Defendants were retaliating against him. Fidler responded that Defendants should not have taken

3

the blanket, and he forced Defendants to give the blanket back. Plaintiff, however, remained in the cell, forced to sleep on the cold floor with no mattress for three days. Plaintiff complains that Defendants' actions violated policy, amounted to extreme punishment, and were retaliatory.

Finally, Plaintiff alleges that Defendant Copeland is a homosexual. Plaintiff therefore attempts to block the camera to keep Copeland from viewing Plaintiff while he is using the toilet. Defendant Copeland, however, orders Plaintiff to uncover the camera.

Plaintiff seeks declaratory and injunctive relief, including being moved from the unit. He also seeks compensatory and punitive damages.

II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not

'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against the warden and deputy wardens (Defendant Unknown Parties), other than his claim that they failed to conduct an investigation in response to his kite and verbal complaint. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See*

*Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Unknown Parties engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

Upon review, the Court concludes that Plaintiff's allegations against Defendants Stevenson, Anderson, Crater, Copeland, and Walter are sufficient to state at least one constitutional claim.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Unknown Parties will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's claims against Defendants Stevenson, Anderson, Crater, Copeland, and Walter remain in the case.

An order consistent with this opinion will be entered.


Dated: April 22, 2019 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE